IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 1:05-057 |
| vs. ) | |
| ) | |
| Ricky O'Neal Jones, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| ) | |

On October 25, 2005, Defendant Ricky O'Neal Jones pleaded guilty to use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3); and conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 4). On August 15, 2006, before sentencing and while Defendant was out on bond, the United States Probation Office (USPO) filed a motion to revoke bond because Defendant had submitted drug screens positive for the presence of cocaine, had failed to report to the USPO, and failed to notify his supervising officer of an arrest and conviction. The court issued an arrest warrant on August 15, 2006. The court commenced sentencing proceedings on August 28, 2006. Defendant failed to appear. The court issued a bench warrant on August 29, 2006. On September 21, 2009, Defendant was arrested. He has remained in federal custody since September 21, 2009.

A presentence investigation report ("PSR") was prepared that attributed to Defendant 22.002 kilograms of powder cocaine, 37.955 kilograms of cocaine base, and 408.24 kilograms of marijuana, for a marijuana equivalent of 763,908.64 kilograms. Defendant had 5 criminal history points. He received a 2-level increase for being on probation for possession of cocaine, a 1-level increase because the instant offense was committed less than 2 years following Defendant's release from

custody in state court for armed robbery, for a total of 8 criminal history points. This established a criminal history category of IV. Defendant's base offense level was 38. He received a 2-level increase under U.S.S.G. § 2D1.1(b) for obstruction of justice, for a total offense level of 40. Defendant's statutory sentence under 21 U.S.C. § 841(b)(1)(A) for Count 4 was 10 years to life. His statutory sentence for Count 3 under 18 U.S.C. § 924(c)(1)(A)(I) was not less than 5 years consecutive to any other sentence of imprisonment. Defendant's sentencing guidelines range for Count 4 was 360 months to life imprisonment. The USPO noted that using a 1:1 cocaine/cocaine base variance would yield a base offense level of 36, plus a 2-level increase for obstruction of justice, for a total offense level of 38. A level 38 and criminal history category IV results in a guidelines range of 324 to 405 months as to Count 4.

On August 26, 2010, Defendant appeared for sentencing. The court utilized the 1:1 ratio and granted a variance based of 18 U.S.C. § 3553(a) factors. The court sentenced Defendant to incarceration for a period of 312 months, consisting of 252 months as to Count 4 and 60 months consecutive as to Count 3, to be followed by a term of supervised release for 5 years as to each count, to be served concurrently. Judgment was entered on September 7, 2010. Defendant's current release date is July 14, 2031.

The First Step Act of 2018 made retroactive changes to certain offenses promulgated under the Fair Sentencing Act. Under the current statutory scheme, § 841(b)(1)(A) requires at least 280 grams of cocaine base, rather than 50 grams, to trigger the penalties to which Defendant was subjected. Pursuant to § 841(b)(1)(B), a person with no prior "serious drug felonies" is subject to a sentence of not less than 5 years and not more than 40 years, to be followed by a term of supervised release of not less than 4 years.

On February 4, 2019, Defendant, proceeding pro se, filed a motion to reduce sentence under the First Step Act. A supplemental motion was filed by counsel on behalf of Defendant. The USPO filed an amended sentence reduction report on May 14, 2020. Using current guidelines calculations, Defendant is attributed 138,945.54 kilograms of marijuana equivalent. His base offense remains at level 38, plus a 2-level increase for obstruction of justice, for a total offense level of 40. A level 40, criminal history category IV yields a guidelines range of 360 months to life in prison. Factoring in a 30% reduction in accordance with the variance granted at sentencing reduced Defendant's sentence to 252 months, plus a consecutive term of 60 months. Thus, the retroactive application of the Fair Sentencing Act did not result in a lower sentencing guidelines range; however, Defendant was entitled to a reduced term of four years supervised release under § 841(b)(1)(B).

On July 16, 2019, the court entered an order granting in part and denying in part Defendant's motion for a reduction in sentence. The court noted that Defendant's guidelines range did not change; however, the court granted a reduction in Defendant's supervised release term to four years. The court declined to take into account other factors to consider a lower sentence.

Defendant, proceeding pro se, filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) on October 9, 2019. The court's jurisdiction to alter a defendant's term of imprisonment is governed by 18 U.S.C. § 3582(c)(1)(B), which provides, in relevant part that a court may modify a term of imprisonment once it has been imposed "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The First Step Act "'fits under the narrow exception to finality provided by [18 U.S.C.] § 3582(c)(1)(B) [ (2018) ] because it expressly permits the court to modify a term of imprisonment.'" United States v. Taylor, 813 F. App'x 913 (4th Cir. 2020) (quoting United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019)

3

(internal quotation marks excluded)).  Therefore, the court will construe Defendant's motion as a second motion for a reduction under the First Step Act.

In addition to United States v. Wirsing, 943 F.3d 175, 184 (4th Cir. 2019), the Fourth Circuit has issued additional cases providing guidance to district courts applying the First Step Act.  For example, in United States v. Chambers, 956 F.3d 667, 674 (4th Cir. 2020), the Fourth Circuit held that the sentencing factors articulated in 18 U.S.C. § 3553(a) apply in First Step Act cases and that a court may vary from the Sentencing Guidelines and may consider the defendant's post-sentencing conduct in modifying a defendant's sentence.  Id.

If Defendant were sentenced under current law, the court would again apply a 1:1 variance, which would yield a cocaine total amount of 59.957 kilograms (22.002 + 37.955).  Converting the cocaine to a marijuana equivalent would equal 11,991.4 kilograms (59.957 kilograms of cocaine x 200 grams of marijuana), which, when added to Defendant's marijuana possession, equals 12,399.64 kilograms of marijuana equivalent (11,991.4 + 408.24), for a base offense level of 34, plus a 2-level increase for obstruction of justice, for a total offense level of 36.  Again factoring in a 2-level reduction pursuant to § 3553(a) reduces Defendant's offense level to 34.  A level 34 with a criminal history category of IV yields a guidelines range of 210-262 months incarceration as to Count 4, to be followed by a consecutive term of 60 months as to Count 3.

Defendant's Individualized Reentry Plan shows that Defendant earned his GED while incarcerated.  He has taken numerous education courses and completed his drug education assignment.  At the time the Reentry Plan was prepared (August 2020), Defendant had maintained a clear disciplinary record for six months.

The court has taken into account the § 3553(a) factors, particularly the nature and

circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to avoid unwarranted sentence disparities. The court also will vary to apply a 1:1 cocaine/cocaine base ratio as set forth above. The court finds that Defendant's sentence should be modified as follows: Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 235 months, consisting of 175 months as to Count 4 and 60 months as to Count 3, to be served consecutively, to be followed by a term of supervised release for 4 years as to each of Counts 3 and 4, to be served concurrently. All other provisions of the judgment entered September 7, 2010, remain in effect.

    **IT IS SO ORDERED**.

    /s/ Margaret B. Seymour
    Senior United States District Judge

Columbia, South Carolina

January 28, 2021