

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 1:05-57-MGL-1 |
| | § |
| RICKY O'NEAL JONES, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

## I. INTRODUCTION

Pending before the Court is Defendant Ricky O'Neal Jones's (Jones) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Jones's motion for compassionate release will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

Jones pled guilty to one count of use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (the firearm count), and conspiracy to possess with intent to distribute and distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (the drug count).

Judge Seymour originally sentenced him to a total term of 312 months of imprisonment and a five-year term of supervised release. She eventually reduced his sentence to 235 total months of imprisonment and a four-year term of supervised release under the First Step Act of 2018.

He has now completed more than 169 months of that sentence and has a projected release date of January 23, 2026.

On April 22, 2023, Jones's twenty-one-year-old son, Ricquez Jones (Ricquez), was shot twenty times in a drive-by shooting, which remains unsolved. Although he survived, he remains in the hospital trauma unit. He required a ventilator and dialysis after several exploratory surgeries. Later, he needed dozens more surgeries. He suffered from shattered legs, damage to his bladder and colon, and the amputation of several toes.

Ricquez told defense counsel that he speaks with Jones on the phone daily, and he has provided him emotional support since the attack.

Before the shooting, Ricquez lived with his mother, Fatima Wade (Wade). Wade suffers from physical pain as a result of a 2016 car accident, which causes her unexpected stabbing pains down her lower back. She also suffers from sciatica that prevents her from long periods of standing or sitting. In addition, she has tendonitis in her right wrist that requires periodic cortisone shots. To be at the hospital with Ricquez, she had to quit her job at Ross. Since the attack, which took place at their home, she has moved to a new place with government assistance.

Upon Ricquez's release from the hospital, he will require months in a rehabilitation facility. After that, he will likely require constant care. He will need two people for certain things, such as transfer from bed to chairs, help into the shower, and assistance in the bathroom.

After Jones filed this motion pro se, the Clerk's Office reassigned the case to the undersigned Judge. The government responded and the Court thereafter appointed counsel.

Defense counsel filed a reply, which states she visited Ricquez and spoke with him and Wade. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III. STANDARD OF REVIEW

A defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

When deciding whether to reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the Court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the Court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But, because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

3

**IV.     DISCUSSION AND ANALYSIS**

As an initial matter, Jones has exhausted his administrative remedies. The Court thus turns to the merits of his motion.

> **A.     *Whether Jones presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)***

Jones insists the need to care for his son after his attack constitutes extraordinary and compelling reasons for his release. The government posits that need to care for an adult son may be insufficient and contends Jones has failed to show he is the only available caregiver.

The Sentencing Commission has issued a policy statement explaining extraordinary and compelling reasons for compassionate release. Right now, this policy statement applies only to compassionate release motions brought by the BOP. *McCoy*, 981 F.3d at 281. Under the policy statement as currently written, "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" constitutes extraordinary and compelling reasons. U.S.S.G. § 1B1.13 app. note 1(C).

But, under the policy statement that will take effect November 1, 2023, and will apply to defendant-filed motions as well as BOP-filed motions, "[t]he death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" constitutes extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(3), November 1, 2023, Amendments.

The Court thus determines this policy statement, and the amendments, are "helpful guidance[,]" *High*, 997 F.3d at 186, that support the conclusion care for an adult child, such as Ricquez, can constitute extraordinary and compelling reasons for compassionate release.

4

Moreover, even beyond the policy statement, the severe and troubling circumstances of this case convince the Court that extraordinary circumstances exist here. Jones appears to be a much-needed emotional support to Ricquez after a very traumatic event.

And, as defense counsel relates, it appears Ricquez will need more physical assistance than Wade will be able to provide by herself. Jones will be able to provide help with transfer, mobility, and similar aid. The Court holds that this case presents one of the "other circumstance or combination of circumstances" contemplated by the Sentencing Commission. *See* U.S.S.G. § 1B1.13(b)(5), November 1, 2023, Amendments (recognizing "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in [the policy statement], are similar in gravity to those described in [the policy statement] may also constitute extraordinary and compelling reasons.").

Accordingly, the Court determines that the tragic circumstances in this case constitute extraordinary and compelling reasons for Jones's release.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

Additionally, analysis of the 3553(a) factors in this case favors release. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . [;]

> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Jones pled guilty to the firearm count and the drug count, both serious offenses. The Court also recognizes that between his guilty plea and his sentencing, Jones failed to appear and became a fugitive for several years. Moreover, Jones was assigned a criminal history category of four at sentencing, including convictions for armed robbery and driving under the influence.

Even considering the seriousness of this history, however, the Court determines the 3553(a) factors favor release.

Jones has served more than 167 months of his 235-month sentence. A reduction of approximately twenty-nine months, only about twelve percent of his sentence, would cause no unwarranted disparities. Moreover, Jones has taken advantage of the rehabilitative services offered by the BOP, such as by earning his GED, taking numerous education courses, and completing his drug education assignment.

Jones's having served a substantial portion of his sentence has also aided the purposes of deterrence, promoting respect for the law, and reflecting the seriousness of the offense.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is sufficient, but no longer than necessary, and is a just punishment in this case. The government has failed to set forth any evidence Jones presents a danger to the public. The Court will therefore grant Jones's motion for compassionate release.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Jones's motion to reduce his sentence, ECF No. 168, is **GRANTED**.  Jones's sentence of incarceration is hereby reduced to **TIME SERVED**.  All other aspects of the most recent amended judgment shall remain the same.

This order is **STAYED** for up to fourteen days to ensure Jones's safe release, to verify his release plan, and to permit appropriate travel arrangements to his approved residence.  Jones shall be released as soon as his release plan is verified by probation, appropriate travel arrangements are made, and it is safe for Jones to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements, ensure Jones's safe release, or verify his release plan, the parties shall immediately notify the Court and show cause why the stay should be extended.

**IT IS SO ORDERED.**

Signed this 29th day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
